## No. 9470.

### MARX *v.* MUSE.

WRONGFUL DETAINER—*Appeal—Bond.* In an appeal, in an action brought under subdivision 4 of sec. 3 of the statute, the additional bond provided for in Rev. Stat. sec. 2622 is not required.

*Error to Arapahoe County Court, Hon. George W. Dunn, Judge.*

*Department One.*

Mr. JOHN R. SMITH, Mr. H. B. WOODS, Mr. G. J. LEMMON, for plaintiff in error.

No appearance for defendant in error.

Opinion by Mr. Justice Teller.

Defendant in error brought an action against plaintiff in error in a justice court in Arapahoe County under subdivision 4 of section 3 of the forcible entry and detainer act (section 2603 R. S., 1908). The jury found against the plaintiff on her claim for rent, and in her favor on her claim to the possession of the property.

An appeal was taken to the County Court and the usual appeal bond filed. Thereupon motion was made to dismiss the appeal upon the ground that the court was without jurisdiction because of the failure of the defendant to file an additional undertaking "as required by section 2622 Revised Statutes 1908."

The cause is here for review upon said ruling. A provision in the section mentioned under which the appeal was dismissed reads as follows:

"And in cases of appeal, from judgments founded upon causes of action embraced in sub-division four of section 3 of this act the deposit of rent money during pendency of appeal shall be made, or judgment of affirmance shall be entered in the manner provided in section eighteen of this act; in all other cases where judgment is rendered for the possession of the premises the party appealing from such judgment, whether in justice courts or courts of record shall in addition to the undertaking hereinbefore mentioned, make and file an additional undertaking with sufficient sureties to be approved by the justice or court in such sum as may be fixed by such justice or court conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff for the use and occupation of the premises, pending such appeal, either in said action or in any other action thereafter instituted by the plaintiff against said defendant, during the pendency of said appeal."

It is conceded that the action was brought under subdivision 4 of section 3 of the above quoted section.

It will be observed that cases brought under subdivision 4 of section 3 of the act are not within the provision which requires the additional undertaking.

Section 18 referred to in the foregoing quotation provides for a deposit of rental from time to time where a case brought under subdivision 4 of section 3 is pending on appeal. The deposit there required takes the place of the bond required in other cases. There was, therefore, no requirement for the additional undertaking and the court erred in dismissing the appeal.

The judgment is accordingly reversed.

Reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.